EDWARD REILLY, Appellant, v. GEORGE H. SISSON, Respondent.

*Attachment — the affidavit upon which it is granted should show clearly that a cause of action exists in favor of the plaintiff.*

On November 5, 1883, the plaintiff applied for an attachment against the property of the defendant upon the ground that he was a non-resident. The affidavit, made on that day, stated that the defendant was indebted to the plaintiff in the sum of $6,000, over and above all counter-claims known to the plaintiff, for damages for the breach of a contract, and that the indebtedness arose upon the following facts: That "at sundry times since April 1, 1883, *and up to and including this date,* the said plaintiff, at the special instance and request of the said defendant, loaned and advanced to the said defendant, in cash, sundry sums and amounts of money, amounting in the whole to the said sum of $6,000, and which he agreed to repay to the plaintiff, and no part of which has at any time been repaid, and which the defendant has neglected to repay to the plaintiff, and still so neglects."

*Held,* that the affidavit failed to show any cause of action existing in favor of the plaintiff, as it did not appear, expressly or by necessary implication, that all or any of the money so loaned was due and payable at the time the attachment was issued.

*Smith* v. *Davis* (29 Hun, 306); *Pomeroy* v. *Ricketts* (27 id., 242), followed; *Kiefer* v. *Webster* (6 Hun, 526) distinguished and criticised.

Appeal from an order made at a Special Term vacating an attachment against the property of the defendant as a non-resident debtor.

The affidavit upon which the attachment was issued alleged, among other things, that "Edward Reilly, the above named plaintiff, being duly sworn, says that the above named defendant is justly and truly indebted unto this deponent in the just and full sum of six thousand dollars, lawful money of the United States, over and above all counter-claims known to the plaintiff, for damages upon a breach of a contract, express or implied, other than a contract to marry, and that such indebtedness arises upon the facts next hereinafter set forth and stated. At sundry times since April 1, 1883, and up to and including this date, the said plaintiff, at the special instance and request of the said defendant, loaned and advanced to the said defendant, in cash, sundry sums and amounts of money, amounting in the whole to the said sum of six thousand dollars, and which he agreed to repay to the plaintiff, and no part of which has at any time been repaid, and which the defendant has neglected to repay to the plaintiff, and still so neglects."

*P. J. Joachimsen*, for the appellant.

*Stern & Myers*, for the respondent.

BRADY, P. J.:

The plaintiff in this case, in the affidavit on which the attachment was granted, alleges that the defendant was indebted to him in the just and full sum of $6,000, over and above all counter-claims, for damages for a breach of a contract, express or implied, other than a contract to marry, and that such indebtedness arises upon the facts stated. And the facts are these. That at sundry times since April 1, 1883, up to and including this date, namely, the 5th day of November, 1883, upon which date the attachment was granted, the plaintiff, at the special instance and request of the defendant, loaned and advanced to him sums of money, amounting in all to the sum of $6,000, which he promised and agreed to repay, but no part of which has been repaid. It will appear, therefore, from the affidavit that on the very day when some portion of the money was loaned to him, namely, the 5th day of November, 1883, when the affidavit was made, he had loaned and advanced money to him. As to what arrangement was made with regard to the repayment of the money, whether it was to be repaid instantly or

at some time in the future agreed upon by the parties, whether any notification to repay the money so alleged to be advanced to the defendant was given him, and whether he had any information at all on the subject, is not alleged. Nor is it stated that any demand was made upon him on the date that the suit was commenced for the money which is asserted to have been loaned and advanced. There is, in other words, nothing to show that as to the money at least that was advanced upon the day that the attachment was granted, there was any breach of the contract to pay. It is not reasonable to suppose that the money advanced upon the fifth day of November was to be paid on the fifth of November, in the absence of any allegation to the contrary. But even if so the defendant would have the whole day to pay it. The learned judge in the court below therefore regarded the affidavit as one which was subject to the criticism made upon the affidavit in the case of *Smith* v. *Davis* (29 Hun, 306) and *Pomeroy* v. *Ricketts* (27 Hun, 242); and this was a correct view of the subject.

In the case of *Pomeroy* v. *Ricketts* (*supra*), the court said that it was indispensable to show that a cause of action existed before the right to an attachment could be made to appear, and that no hardship was imposed upon the plaintiff, who was allowed to prove this fact by his own affidavit, in requiring that it should be made out with a reasonable degree of clearness, and that the plaintiff must certainly be required to show that he has a demand upon which the defendant has become legally liable for the recovery of judgment against him, before a cause of action could be made to appear. And in the case of *Smith* v. *Davis* (*supra*), the court said: " To entitle a party to make such a seizure (under an attachment) before his right to appropriate the defendant's property has been established by evidence, reasonable and satisfactory proof is required. A plain case must be made out and where it is not, then it necessarily follows that the attachment must be set aside." And the learned judge in the court below said that if the affidavit was true upon which the attachment was granted, a portion of the loan was made on the day the attachment was issued. He might have added that not only was the loan made upon that day but the money advanced, because, as we have seen, the language of the affidavit is that at sundry times from the 1st of April, 1883, up to and including the fifth of Novem-

ber, which was the date of the affidavit, the plaintiff loaned and advanced to the defendant cash. And the learned justice also said : " Therefore I do not think that a breach of the alleged contract was shown."

The case of *Kiefer* v. *Webster* (6 Hun, 526) seems to be, but is not, in conflict with these views, because the allegation in that case was that the defendants were indebted to the plaintiffs in a sum named for goods sold and delivered, for which they had promised to pay but failed to do so. The time of the delivery is not stated, and it may be assumed that the promise was made after the delivery on demand. In reference to that case it must also be said the rule adopted was very liberal and should not be extended, particularly since the subsequent cases, to which reference has been made have weakened its authority. It must be confined to cases, if it be held yet to be controlling, of a precisely similar character.

For these reasons it is thought that the judge in the court below was right in the disposition he made of the application to vacate the attachment, that the attachment should not be held, and that on the contrary it should have been vacated as it was. The order appealed from is therefore affirmed, with ten dollars costs and the disbursements of the appeal.